■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HENDRICKS, Appellant.—Judgment unanimously affirmed. Memorandum: The circumstantial evidence was sufficient to support defendant's convictions of criminal possession of a forged instrument in the second degree, criminal possession of stolen property in the third degree, and petit larceny. Defendant was in the immediate vicinity of the victim when she lost her checkbook; shortly thereafter he was in a bank with another person when that person attempted to cash a

check drawn on the victim's account; and he accompanied that person to a clothing store where that person used the forged check to purchase two jackets. Before the purchase, defendant asked the clerk at the store whether she would accept a check, and he assured the clerk that his companion had proper identification and that his check was good. Although defendant did not have actual physical possession of the checkbook and the forged check when he and the other person entered the bank and later used the check to make the purchase at the clothing store, the jury was entitled to infer from all of the circumstances that defendant and his companion acted in concert and were in joint possession of the forged check when they used it to purchase the jackets. Thus, it was proper for the court to charge the jury that an inference of guilt of larceny could be made from recent and exclusive possession of the fruits of the crime. "The requirement that the defendant's possession be exclusive may be satisfied by possession which is joint with one or more persons if it is shown that they acted in concert" *(People v Shurn,* 69 AD2d 64, 69). (Appeal from judgment of Oneida County Court, Murad, J.—criminal possession of forged instrument, second degree, and other charges.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.